James Matthew Brown, APLC (CSB# 98922)
2044 First Avenue, Suite 200
San Diego, CA. 92101
(619) 238-0815

Attorney for Defendant, Jose Luis Angel Oliva-Vidrio

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

(HON. ROGER T. BENITEZ)

| UNITED STATES OF AMERICA, | ) | Case No:. 08-CR-764-BEN |
|---|---|---|
| Plaintiff, | ) ) ) ) ) ) ) | POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR 1) DISCOVERY/PRESERVE EVIDENCE 2) LEAVE TO FILE ADDITIONAL MOTIONS |
| v. | ) | |
| JOSE LUIS ANGEL OLIVA-VIDRIO, et.al, | ) ) ) | Date: 4/28/08 Time: 2:00 p.m. Judge: Hon. Roger T. Benitez |
| Defendant. | ) | |

## INTRODUCTION

The Government has indicted Jose Luis Angel Oliva-Vidrio (hereinafter "Oliva") in the above captioned matter alleging the defendant within the Southern District of California knowingly and intentionally conspired with others to aid and abet the distribution of controlled substances, namely marijuana in violation of Title 21 USA Sections 846 and 841 (a) (1) and Title 18 USC Section 2.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1.

I.

**MOTION TO COMPEL DISCOVERY**

As such, Mr. Oliva makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) Mr. Oliva's Statements. The government must disclose (a) copies of any written or recorded statements made by Mr. Oliva attributable to him relating to the aforementioned charges and arrest. (b) copies of any written record containing the substance of any statements made by Mr. Oliva relating to the aforementioned charges and arrest; and (c) the substance of any statements made by Mr. Oliva which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

NOTE WELL-At this time it is the defendants understanding the government has statement's attributable to him relating to the subject offense. If this understanding is correct and the government has not produced any such statement which is even remotely related to the subject incident, defendant reserves the right to file a suppression motion.

(2) Co-Defendant's Statements. The government must disclose (a) copies of any written or recorded statements made by Co-defendants, including that of those whether charged yet, or not; (b) copies of any written record containing the substance of any statements made by Co-defendants; and (c) the substance of any statements made by Co-defendants which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(3) Mr. Oliva's Prior Record. Mr. Oliva requests disclosure of his prior record. See Fed. R. Crim. P. 16(a)(1)(B).

(4) Any Proposed 404(b) and (609) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. Proc., 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution … shall provide reasonable notice in

advance of trial… of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. This applies not only to evidence which the government may use as rebuttal. United States v. Vega, 1888 F. 3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise." Preclude "trial by ambush" and prevent the "possibility of prejudice," Id., and he requests such notice at least two weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(5) Evidence Seized. The defendant requests production of evidence seized as a result of any investigation and/or search and arrest. Fed. R. Crim. Proc. 16(a)(1)©).

(6) Documents and Tangible Objects. Mr. Oliva requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)©).

(7) Reports of Scientific Tests or Examinations. Mr. Oliva requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). If any analyses exists, Mr. Oliva requests a copy.

(8) Expert Witnesses. Mr. Oliva requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Oliva requests written summaries describing the bases and reasons for the expert's opinions. See id. This request specifically applies to any fingerprint and handwriting experts that the government intends to call.

(9) Brady Material. Mr. Oliva requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment, including the aforementioned dispatch tape and related photographs both of which relate to the stop, search and arrest.. See Brady v. Maryland, 373 U.S. 83 (1963), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999).

(10) <u>Investigative Reports and Witness Statements</u>.  Mr. Oliva requests any and all witness statements, including those which may not be covered in the above requests. Specifically Mr. Oliva requests any statements and agent reports from any conversation the government has had with his wife Maria Gloria Ramirez Mosqueda. The undersigned has been informed and believes and based on said information and belief advises this court that US Agent Eric Alfaro has had multiple conversations with Ms. Ramirez the subject of which are her husband and he governments allegations against him. These and any other similar type investigative activity and accompanying report should be turned over to counsel for Mr. Oliva.

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Oliva requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  See <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Mr. Oliva requests any evidence tending to show that a prospective government witness:  (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(10) <u>Request for Preservation of Evidence</u>.  Mr. Oliva specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(11) <u>Witness Addresses</u>.  Mr. Oliva requests the name and last known address of each prospective government witness.  He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(12) <u>Jencks Act Material</u>.  Mr. Oliva requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid

needless delays at pretrial hearings and at trial. These notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury or at any State prosecution preliminary hearing. See 18 U.S.C. § 3500(e)(3).

(13) Residual Request. Mr. Oliva intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Oliva requests that the government provide him and his attorney with the above-requested material sufficiently in advance of the hearing on the Motion to Suppress filed concurrently with this discovery motion and certainly before trial.

## IV.
## MOTION TO FILE ADDITIONAL MOTIONS

This counsel is not in the possession of any discovery relating to the above matter. As such, additional motions will certainly be necessary once counsel has had the opportunity to review same. These motions may include suppression of evidence and/or statements, as well as others.

## V.
## CONCLUSION

For the foregoing reasons, Mr. Oliva respectfully requests that the Court grant the motions made by the Defendant.

Respectfully Submitted this 10th day of April 2008.

S/James Matthew Brown
James Matthew Brown, APLC
Attorney for Defendant,
Jose Luis Angel Oliva-Vidrio

5.